UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS M. DEAL,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.<br><br>    Defendants. | Case No: C 09-1643 SBA<br><br>**ORDER** |

Plaintiff Thomas M. Deal ("Plaintiff") brings this action against Defendants[1] alleging, *inter alia*, numerous violations of state and federal laws and wrongful foreclosure. The parties are presently before the Court on Defendants' 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint. (Docket No. 9.) Having read and considered the papers filed in connection with this matter, the Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

As a threshold matter, Defendants contend that Plaintiff "lacks standing to assert any claim challenging the foreclosure sale unless and until he tenders the full amount he owed on the Loan." (Mot. 11:2-3.) However, Defendants go on to note that Plaintiff, in his FAC, alleges that he is "ready, willing and able" to tender those amounts. (FAC ¶ 23.) Based on Plaintiff's representation in his FAC, Defendants state that:

> Countrywide is prepared to accept Deal's tender of $521,000, the amount of the unpaid debt as of the date of the foreclosure (RJD, Ex. E.) Alternatively, Countrywide is also willing to accept tender of just the Loan's principal,

---

[1] Defendants are Countrywide Home Loans, Inc., Bank of New York, Mortgage Electronic Registration System, Inc. (MERS), ReconTrust Company, Landsafe Title Corporation, America's Wholesale Lender and CTC Real Estate Services.

$463,455.30. If [Plaintiff] refuses to tender either, then he lacks standing and this action seeking to set aside the [foreclosure] sale must be dismissed.[2]

(Mot. 11:4-8.) The Court agrees.

"A valid and viable tender of payment of the indebtedness owed is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971); Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (2003) (reiterating the tender rule and adding that it is strictly applied). "A tender is an offer of performance made with the intent to extinguish the obligation." Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 580 (1984) (citing Cal. Civ.Code, § 1485); Still v. Plaza Marina Commercial Corp., 21 Cal.App.3d 378, 385 (1971). "A tender must be one of full performance ... and must be unconditional to be valid." Arnolds Management, 158 Cal.App.3d at 580. The Court notes that an offer to tender, if the offeror "is without the money necessary to make the offer good and knows it," is without legal force or effect. Karlsen, 15 Cal.App.3d at 118 (citing several cases).

In his opposition, in response to Defendants willingness to accept tender, Plaintiff contends that (1) he cannot tender because he is "uncertain whether defendants added improper finance charges to their claimed balance" and an accounting is required (Opp. at 10: 19-23), and (2) that he is "entitled to have the void trustee deed and notice of default removed from the record before he repays the balance due on the loan." (Id. at 11:2-6.) First, Defendants have asserted to Plaintiff and the Court that they are willing to accept tender of just the principal of the loan, $463, 455.30, which excludes any finance charges, improper or not. Second, Plaintiff provides no legal support for his contention that he is entitled to have the alleged void trustee deed and notice of default removed prior to his performing on his offer to tender.

---

[2] Defendants renew their willingness to accept the tender of just the principal, $463,455.30, in their reply. (Reply at 1:5-7.)

In seeking to set aside the trustee's sale, Plaintiff appeals to the equitable powers of this Court. "[T]he propriety of granting equitable relief in a particular case by way of cancellation, rescission [or] restitution… generally rests upon the sound discretion of the trial court exercised in accord with the facts and circumstances of the case [citations]." Hicks v. Clayton, (1977) 67 Cal.App.3d 251, 265; see also Fairchild v. Raines, (1944) 24 Cal.2d 818, 826 ("the granting or withholding of equitable relief involves the exercise of judicial discretion.") In the instant case, Plaintiff has offered to tender those amounts due and owing and Defendants have asserted their willingness to accept the tender of an amount that is limited to the principal of the loan. The Court chooses to exercise its judicial discretion and HEREBY ORDERS THAT:

1. Plaintiff and Defendants are to meet and confer in person, within 30 days of the issuance of this order, to arrange for the tender that has been proffered by Plaintiff and accepted by Defendants.

2. Should Plaintiff not be able to demonstrate that he is able and willing to make good on his offer to tender, he is to provide legal authority for the position that he is entitled to proceed with this action.

IT IS SO ORDERED.

Dated: 2/4/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge