UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS M. DEAL,<br><br>    Plaintiff,<br><br>  vs.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>    Defendants. | Case No: C 09-01643 SBA<br><br>**ORDER**<br><br>(Docket Nos. 33, 41) |

Presently before the Court are: (1) Plaintiff's counsel's Motion to Withdraw (Docket No. 33); and (2) Plaintiff's Motion to Set Aside Defendant's Motion to Withdraw as Counsel of Record and Allow Plaintiff to Be Heard Pro Se (Docket No. 41) ("Plaintiff's Motion"). Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiff's counsel's Motion to Withdraw, and GRANTS IN PART and DENIES IN PART Plaintiff's Motion, for the reasons set forth below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.  **BACKGROUND**

  A.  **FACTUAL BACKGROUND**

On August 8, 2008, Plaintiff filed this wrongful foreclosure action against Defendants in the Superior Court of California, County of Alameda, alleging violations of various state and federal laws. This action was removed to this Court on April 15, 2009.

On July 22, 2009, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 4, 2010, the Court issued an Order on Defendant's Rule 12(b)(6) Motion, requiring that: (1) the parties meet and confer in person to arrange for a tender that had been proffered by Plaintiff and accepted

by Defendants; and (2) in the event Plaintiff was unable to demonstrate his ability and willingness to make good on his offer to tender, he was to provide legal authority for the position that he is entitled to proceed the action. (Docket No. 29.)

Plaintiff's counsel provided a copy of the Order to Plaintiff. (Turnage Decl. ¶ 3.) Subsequently, Plaintiff contacted his counsel "and expressed upset about the content" of the February 4, 2010 Order. (Id. at ¶ 4.) Counsel explained the Order to Plaintiff, and "reasonably believed that he understood that the court had put ruling on the motion 'on hold' and wanted the parties to explore settlement." (Id. at ¶ 5.) On March 1, 2010, Plaintiff wrote a letter to his counsel criticizing their representation and demanding that they "run everything by him" before filing documents on his behalf. (Id. at ¶ 6.) On March 11, 2010, Plaintiff's counsel sent a letter to this Court, stating that Plaintiff "refuses to permit [his counsel] to provide the information requested in your Order dated February 4, 2010. For this reason, we advised Mr. Deal of our intent to withdraw as his counsel. Mr. Deal refuses to sign a substitution of attorneys form or seek other counsel." (Docket No. 30.) In that letter, counsel further explained that they intended to file a motion to withdraw as counsel. (Id.) On March 22, 2010, Plaintiff, acting pro se, filed an Association of Counsel and a Motion for Reconsideration requesting that the Court reconsider the February 4, 2010 Order. (Docket Nos. 31, 32.) Counsel indicates that Plaintiff did not discuss those filings with them beforehand. (Turnage Decl. at ¶ 7.)

### B. THE INSTANT MOTIONS

Plaintiff's counsel filed the current Motion to Withdraw as Counsel on March 31, 2010. On April 6, 2010, Defendants filed a Statement of Non-Opposition to counsel's motion, along with an opposition to Plaintiff's Motion for Reconsideration. (The Court subsequently denied, by Order dated July 8, 2010, Plaintiff's Motion for Reconsideration on the ground that Plaintiff was represented by counsel. See Docket No. 39.) On April 27, 2010, Plaintiff, without counsel, filed a Response to Defendant's Opposition to Plaintiff's Motion for Reconsideration and an Opposition to Plaintiff Counsel's Motion to Withdraw. (Docket No. 37.) On August 27, 2010, Plaintiff, again without counsel, filed the instant Motion to Set Aside Defendant's

Motion to Withdraw as Counsel of Record and Allow Plaintiff to Be Heard Pro Se ("Plaintiff's Motion"), requesting that: (1) Plaintiff be heard pro se on the limited issue of the Motion for Reconsideration; (2) the Motion for Reconsideration (which this Court has already denied) be calendared and heard; (3) Plaintiff be heard in opposition to counsel's withdrawal motion; and (4) counsel's withdrawal motion be denied.  (Docket No. 41 at 7.)

## II.     DISCUSSION

### A.     LEGAL STANDARDS

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the client and all other parties in the action and (2) obtains leave of the court.  Civ. L.R. 11-5(a); Darby v. City of Torrance, 810 F. Supp. 275 (C.D. Cal. 1992).  Permission to withdraw is discretionary.  See Washington v. Sherwin Real Estate, 694 F.2d 1081, 1087 (7th Cir. 1982).

Civil Local Rule 11-4(a)(1) requires compliance with the standard of professional conduct required of  members of the State Bar of California.  Civ. L.R. 11-4(a)(1).  California Rule of Professional Conduct 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively."  However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel "shall not withdraw from employment until the [attorney] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [return of client papers and property and unearned fees], and complying with applicable laws and rules."  See El Hage v. U.S. Sec. Assocs., Inc., (No. 06-7828), 2007 WL 4328809 at *1 (N.D. Cal. 2007).

Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case.  CE Resource, Inc. v. Magellan Group, LLC, 2009 WL 3367489 at *2 (E.D. Cal. 2009).

### B. COUNSEL'S MOTION TO WITHDRAW

Plaintiff's counsel moves to withdraw on the ground that Plaintiff has made it unreasonably difficult for counsel to carry out the employment effectively. The apparent difficulty in their relationship stems from Plaintiff's disagreement with the Court's February 4, 2010 Order, which made reference to Plaintiff's offer to tender the mortgage of the underlying dispute. In his opposition, Plaintiff indicates that it was his belief that an offer to tender was never made, and he alleges that this was a factual misrepresentation made by his counsel. Plaintiff states that the presentation of such misinformation to the Court led to his decision to file his pro se Motion for Reconsideration and Association of Counsel. Plaintiff's counsel asserts that these pro se filings have resulted in a lack of trust between counsel and Plaintiff. Specifically, Plaintiff's counsel explains that, by associating himself in as counsel, and filing motions without first discussing them with counsel, Plaintiff has made it unreasonably difficult for them to carry out their employment.

As indicated, Plaintiff has opposed his counsel's motion to withdraw, and has represented that he "has no intention of introducing motions" other than the Motion for Reconsideration. (Docket No. 41 at 6.) He also indicates that, with the exception of the disagreement described above, "I have been satisfied with counsel …." (Docket 37 at ¶ 25.) Plaintiff maintains that his expectations of counsel are that they keep him informed of the progress of his case, and that he receive documents that are submitted and received on his behalf. Plaintiff also argues that if his counsel is allowed to withdraw, he would incur added expenses and further delay in order to obtain substitute counsel. Plaintiff represents that he has paid counsel a $10,000 retainer.

Again, the Court must look at several factors and balance the equities when ruling on a motion to withdraw. The factors to be considered include: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; (4) and the extent to which withdrawal will delay resolution of the case. CE Resource, Inc., 2009 WL 3367489 at *2. Other rulings from this District on motions to withdraw are instructive.

For example, in El Hage, the court granted counsel's request for withdrawal because counsel was unable to locate their client. El Hage, 2007 WL 4328809 at *1. After filing the motion to withdraw, counsel demonstrated that they had undertaken additional steps to locate the client to no avail. Id. at *1-2. "These attempts include[d] performing internet searches on three different websites specializing in compiling personal information; locating an e-mail address that appeared as if it may have been Plaintiff's but is now inactive; and sending an e-mail to the publisher of a book written by Plaintiff but receiving no reply. Beyond that, [counsel] . . . sent a letter by registered mail to Plaintiff's last known address; completed a forwarding address request with the United States Postal Service; and completed a further search for Plaintiff's current whereabouts . . . ." Id. at *1. The court found the follow up efforts justified the decision to grant the motion for withdrawal. Id.

By contrast, in Robinson v. Delgado, 2010 WL 3259384 (N.D. Cal. 2010), the court denied, without prejudice, Plaintiff counsel's motion to withdraw, notwithstanding the fact that Plaintiff had taken actions that made it difficult to effectively carry out the representation. Plaintiff's counsel sought withdraw, citing "both the development of irreconcilable differences and a breakdown in communication between Plaintiff and his counsel, which counsel asserts have made it impossible to effectively carry out the representation." Id. at *1. Specifically, Plaintiff had filed a number of submissions without consulting or informing his counsel. Id. In denying the motion to withdraw, the court noted that the motion for withdrawal was filed just sixteen days before a hearing, Plaintiff was incarcerated, and it was unlikely that substitute counsel could be retained in a timely manner. Id. at *2. Even if substitute counsel was retained there would be substantial delay in order to familiarize substitute counsel with the case. Id. Considering the late stage of the proceedings and a balancing of equities, the court determined that granting withdrawal would unduly prejudice Plaintiff and Defendants and harm the administration of justice. Id.

Here, counsel claims that withdrawal is necessary because Plaintiff associated in as counsel and filed motions pro se, which made their employment with Plaintiff unreasonably difficult. However, Plaintiff indicates a willingness and desire to maintain his counsel, and

- 5 -

1 requests that he be fully informed of all matters and submissions made on his behalf.  Unlike <u>El
2 Hage</u>, Plaintiff's counsel has given no indication of a good faith effort to resolve the
3 breakdown in the relationship.  While the possible prejudice that withdrawal may cause to
4 other litigants appears minimal, the harm that withdrawal might cause to the administration of
5 justice is evident in the added cost and delay that Plaintiff would incur in finding substitute
6 counsel.  Withdrawal will further delay resolution of this matter because, even if substitute
7 counsel was retained, there would be substantial delay in order to familiarize substitute new
8 with the case.

9     For these reasons, the Court finds that Plaintiff's counsel has not adequately shown that
10 withdrawal is warranted in this case.

11     **C.    PLAINTIFF'S MOTION**

12     As explained above, Plaintiff has filed a pro se motion requesting that: (1) Plaintiff be
13 heard pro se on the limited issue of the Motion for Reconsideration; (2) the Motion for
14 Reconsideration be calendared and heard; (3) Plaintiff be heard on counsel's withdrawal
15 motion; and (4) counsel's withdrawal motion be denied.  (Docket No. 41 at 7.)  This Court
16 liberally construes this "motion" to be, first, a request that Plaintiff be allowed to oppose his
17 counsel's motion to withdraw, and, second, a request that Plaintiff be allowed to proceed pro se
18 on his Motion for Reconsideration.  As indicated, Plaintiff's arguments in opposition to
19 counsel's motion have been considered by this Court.  Accordingly, Plaintiff's request to be
20 heard in opposition to his counsel's withdrawal motion is GRANTED.  With respect to
21 Plaintiff's requests directed to his Motion for Reconsideration, those requests are DENIED as
22 moot, as this Court has already denied that motion by Order dated July 7, 2010.

23 **III.    CONCLUSION**

24     For the above stated reasons,

25     IT IS HEREBY ORDERED THAT:

26     1.    Plaintiff's counsel's Motion to Withdraw is DENIED without
27         prejudice.

28

2. Plaintiff's Motion is: (a) GRANTED IN PART with respect to Plaintiff's request to be heard in opposition to the Motion to Withdraw; and (b) DENIED IN PART as MOOT with respect to Plaintiff's requests directed to his Motion for Reconsideration.

3. This Order terminates Docket Nos. 33 and 41.

IT IS SO ORDERED.

Dated: September 15, 2010

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge