UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS M. DEAL,<br><br>        Plaintiff,<br><br>  vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>        Defendants. | Case No: C 09-01643 SBA<br><br>**ORDER**<br><br>Docket 49. |

      On August 8, 2008, Plaintiff Thomas M. Deal ("Plaintiff") brought this action against various Defendants[1] in Alameda County Superior Court, alleging violations of state and federal law in connection with a foreclosure proceeding on his residence.  The action was removed to this Court on the basis of federal question jurisdiction.  28 U.S.C. § 1331.  The parties are presently before the Court on Defendants' motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure.  Dkt. 49.  Plaintiff opposes the motion.  Dkt. 64.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion to dismiss.  In addition, in light of Plaintiff's representation to the Court that he will not tender the debt for which the property is security, the Court hereby DISMISSES the first, second, and third causes of action without leave to amend.  Plaintiff is granted permission to file a motion for leave to amend

---

[1] The Defendants are Countrywide Home Loan, Inc., Bank of New York as trustee on behalf of Sami II 2006-AAR3; Mortgage Electronic Registration System, Inc. (MERS), Recontrust Company, Landsafe Title Corporation, America's Wholesale Lender, and CTC Real Estate Services (collectively "Defendants").

the operative pleading in a manner consistent with this Order and his obligations under Rule 11 of the Federal Rules of Civil Procedure. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

## A. Factual Background

In 2006, Plaintiff obtained a residential mortgage loan in the amount of $446,250.00 to purchase property located at 2950 Union Avenue, Hayward, California 94541. First Amended Complaint ("FAC") ¶ 1, Dkt. 1-3. On August 14, 2007, a Notice of Default and Election to Sell Under Deed of Trust was recorded based on Plaintiff's failure to make payments as required under his mortgage. Id. ¶ 15.

Beginning in November 2007, Plaintiff contacted Defendant Countrywide Home Loans, Inc. ("Countrywide") to discuss a work out agreement. Compl. ¶ 38. The parties allegedly orally agreed to a work out agreement on November 1, 2007, and Plaintiff performed under the agreement from November 23, 2007 until March 27, 2008. See id. ¶¶ 38-41, 43. However, the parties never finalized the agreement in writing. See id. ¶¶ 39-41, 44-48. On May 21, 2008, the property was sold. Id. ¶ 19.

## B. Procedural Background

On August 8, 2008, Plaintiff commenced the instant action in Alameda County Superior Court. Compl., Dkt. 1-1. On March 16, 2009, Plaintiff filed a FAC, alleging causes of action to set aside the trustee sale, to cancel the trustee's deed, to quiet title, and to obtain an accounting of how much money is owed to Defendant Bank of New York. See FAC. The FAC also alleges causes of action for breach of contract and a violation of the Real Estate Settlement Procedures Act ("RESPA"). See id.

On April 15, 2009, Defendants removed the action to this Court on the basis of federal question jurisdiction. See Dkt. 1. On July 22, 2009, Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of each and every claim alleged in the FAC. Dkt. 9. On February 5, 2010, this Court issued

1  an Order regarding Defendants' motion to dismiss.  Dkt. 29.  In that Order, the Court noted
2  that Plaintiff had alleged in the FAC that he was "ready, willing and able" to tender the
3  amount owed under the loan, as required for rescission of the foreclosure.  Id.  Based on
4  Plaintiff's offer to tender and Countrywide's representation that it would accept Plaintiff's
5  tender, the Court ordered the parties to meet and confer in person within 30 days to arrange
6  for the tender.  Dkt. 29.  The Court further ordered as follows: "Should Plaintiff not be able
7  to demonstrate that he is able and willing to make good on his offer to tender, he is to
8  provide legal authority for the position that he is entitled to proceed with this action."  Id.

9        On March 22, 2010, Plaintiff, acting on his own, filed a motion for reconsideration
10 of this Court's February 5, 2010 Order wherein Plaintiff denied ever stating that he was
11 willing to tender the amount owed.  Dkt. 32.  Plaintiff's counsel subsequently filed a
12 motion to withdraw as counsel of record on March 31, 2010.  Dkt. 33.  On September 15,
13 2010, this Court issued an Order denying the motion to withdraw and the motion for
14 reconsideration.  Dkt. 42.

15       Thereafter, the parties engaged in communications to meet and confer about whether
16 Plaintiff would tender or provide legal authority for the position that that he is entitled to
17 proceed with this action without tendering.  See Joshua E. Whitehair Declaration
18 ("Whitehair Decl.") ¶ 3, Dkt. 50.  After attempts to meet and confer failed, see id. ¶¶ 3-5,
19 Exhs. A-C, Defendants filed a motion to dismiss on November 23, 2010 under Rule 41(b),
20 arguing that dismissal is appropriate because Plaintiff has repeatedly failed to comply with
21 this Court's February 5, 2010 Order, and has unduly delayed and otherwise failed to
22 prosecute his action.  Dkt. 43.

23       On December 22, 2010, Plaintiff filed a "Motion to Grant Substitution and Motion
24 for Continuance" wherein he requested that his counsel be permitted to withdraw, that he
25 be allowed to proceed pro se until he acquires new counsel, and that the January 25, 2011
26 hearing on Defendants' motion to dismiss under Rule 41(b) be continued to allow for the
27 preparation of an opposition to the motion.  Dkt. 45.

28

On January 31, 2011, this Court issued an Order permitting Plaintiff's counsel to withdraw. Dkt. 47. The Order provided that should Plaintiff desire to obtain new counsel, he shall have 35 days from the date the Order is filed to secure counsel and for such counsel to enter an appearance in this matter. Id. The Order further provided that if Plaintiff decides to proceed pro se, he is advised that pro se parties are obligated to follow the same rules as represented parties, and that self-representation is not an excuse for non-compliance with court rules. Id. He was also advised that it is a pro se plaintiff's responsibility to proceed in a manner consistent with the Federal Rules of Civil Procedure, the Court's Local Rules, and the standing and other orders of this Court, and that failure to comply with any of these requirements may result in the imposition of sanctions. Id. The Court denied Defendants' motion to dismiss without prejudice to their ability to refile it within 10 days after entry of appearance by Plaintiff's new counsel or 45 days after issuance of the Order, whichever was earlier. Id.

Plaintiff's new counsel appeared on March 4, 2011. Dkt. 48. The parties subsequently attempted to meet and confer about the tender issue. Whitehair Decl. ¶ 6. In a letter dated April 7, 2011, Plaintiff's counsel informed Defendants that Plaintiff did not intend to tender any amounts owed, but that "Plaintiff wishes to further amend his complaint to correct the error regarding tender and possibly to include additional claims." Id., Exh. E. To date, however, Plaintiff has not filed a motion requesting leave to amend the FAC.

On May 26, 2011, Defendants refiled their motion to dismiss under Rule 41(b). Dkt. 49. Approximately five months later, on October 17, 2011, Plaintiff filed an opposition, arguing that dismissal is inappropriate because he has complied with the February 5, 2010 Order by providing defense counsel the "required legal authority for the position [he] is entitled to proceed with this action." Pl.'s Opp. at 3, Dkt. 64. Specifically, Plaintiff points to a letter dated April 7, 2011 addressed to Defendants' counsel wherein Plaintiff indicated that he is entitled to proceed with this action for two reasons: (1) his former attorneys were not authorized to represent that he was willing to tender the amount

due under his loan; and (2) he is entitled to relief from the February 5, 2010 Order under Rule 60 of the Federal Rules of Civil Procedure due to mistake/neglect of his counsel. Id. at 3-4. In addition, Plaintiff contends that dismissal is inappropriate because he intends on filing a motion for leave to file a second amended complaint, which will contain "new causes of action for estoppel and unjust enrichment that clearly do not require pleading or proof of tender of the past due mortgage claimed." Id. According to Plaintiff, causes of action for estoppel and unjust enrichment do not require tender under California law, citing Secrest v. Security National Mortgage Loan Trust 2002-2, 167 Cal.App.4th 544 (2008) and Munoz v. Kaiser Steel Corp., 156 Cal.App.3d 965, 974 (1984). A reply brief was not filed.

## II.  DISCUSSION

### A.  Motion to Dismiss Under Rule 41(b)

#### 1.  Legal Standard

A district court may dismiss an action for failure to prosecute or comply with a court order. Fed.R.Civ.P.41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

#### 2.  Defendants' Motion to Dismiss

As an initial matter, the Court finds that Plaintiff has violated the Court's February 5, 2010 Order, and has failed to diligently prosecute this action. Although Plaintiff made it clear in March 2010 that he will not tender the amount due on his loan, he nonetheless failed to provide any legal authority for the proposition that he is entitled to proceed with

this action until April 7, 2011.[2]  Further, while Plaintiff indicated in April 2011 that he intended to amend his FAC to "correct the error regarding tender and possibly to include additional claims," he has yet to do so.  Plaintiff has offered no reasonable explanation or legitimate excuse for this delay.

In light of the foregoing, the Court finds that Plaintiff has disobeyed a Court Order for approximately one year, and has failed to diligently prosecute this action.  As such, factors one, two, and three of the above-referenced factors weigh in favor of dismissal.

With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in this case where Plaintiff has undermined the Court's ability to resolve this matter in a timely manner by failing to comply with a Court Order for approximately a year, and by failing to diligently prosecute his case.  Indeed, the record indicates that while Plaintiff decided in March 2010 that he will not tender the amount owed on his loan, he has done nothing to prosecute his case since that time, including filing an amended complaint to address the tender issue.

With regard to the second factor, which concerns the Court's need to manage its docket, the Court finds that Plaintiff's failure to follow the Court's Order and to prosecute his case has caused this action to languish, impermissibly allowing Plaintiff to control the pace of the docket rather than the Court.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."); Yourish, 191 F.3d at 990 (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (noncompliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").  Here, Plaintiff has not offered an explanation for his failure to timely comply with this Court's February 5, 2010 Order and his failure to diligently prosecute his

---

[2] The Court views Plaintiff's April 7, 2011 letter to opposing counsel, a month after he secured new counsel, as belated compliance with the Court's February 5, 2010 Order.  Contrary to Defendants' contention, the Order did not explicitly require Plaintiff to submit legal authority to the Court.

case, which has caused unreasonable delay and interfered with the Court's need to efficiently manage its docket.

With regard to the third factor, the risk of prejudice to the defendants, while "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," Pagtalunan, 291 F.3d at 642; Yourish, 191 F.3d at 991,"[u]necessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643. This factor generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Id. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id.

Here, this action was removed to district court almost three years ago on April 15, 2009, but has not advanced beyond the pleading stage. Plaintiff is largely responsible for this delay. With respect to the delay following this Court's February 5, 2010 Order, Plaintiff has not provided an explanation as to why it took him approximately one year to comply with the Order. Nor has Plaintiff provided an explanation as to why he has not diligently prosecuted his case, including filing a motion seeking leave to amend the FAC to address the tender issue. Indeed, it has been two years since the Court issued its February 5, 2010 Order and Plaintiff has done nothing to prosecute his case.[3] The Court finds that Plaintiff's conduct has prejudiced Defendants by unnecessarily delaying resolution of this action on the merits. In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay."). Defendants claim that they have suffered prejudice because although the subject property was lawfully acquired through a non-judicial foreclosure sale in May 2008, Defendants

---

[3] The Court notes that Plaintiff has been represented by counsel since the Court's February 5, 2010 Order, except for approximately one month from January 31, 2011 until March 4, 2011. See Dkt. 47, 48. On January 31, 2011, the Court granted Plaintiff's motion to substitute attorney. Dkt. 47. Plaintiff's new attorney filed a notice of appearance on March 4, 2011. Dkt. 48. The Court recognizes that Plaintiff and his counsel experienced a breakdown in their relationship following the Court's February 5, 2010 Order. See Dkt. 42. However, this does not excuse Plaintiff from his obligation to comply with a Court Order and to diligently prosecute his case.

have been paying taxes and insurance on the property to protect their interest in the property and are unable to market the property, which Plaintiff has continued to occupy rent-free.[4]

With regard to the fourth and fifth factors, the Court finds that these factors weigh against dismissal. Public policy favors disposition on the merits, Pagtalunan, 291 F.3d at 643, and less drastic alternatives than dismissal are available. Here, because Plaintiff has submitted, albeit belatedly, the authority that he contends supports his position that he is entitled to proceed with this action without tendering the amount owed on his loan, the Court has the opportunity to address the merits of this action.

In sum, the Court concludes that three of the five factors weigh in favor of dismissal, while two of the factors weigh against dismissal. While the Court does not countenance Plaintiff's disobedience of its Order or his failure to prosecute his case, which has unreasonably delayed resolution of this action and caused the Court to expend its scarce resources devoted to matters other than the merits of this action, the Court finds that dismissal is inappropriate. The Court admonishes Plaintiff that any future failures to comply with the Court's Local Rules, Standing Orders and other orders, including this Order, will result in dismissal of this action without further notice.

**B.     Motion for Leave to File a Second Amended Complaint**

In his opposition, Plaintiff states that he intends on filing a motion for leave to file a second amended complaint ("SAC"). Pl.'s Opp. at 7. Plaintiff asserts that his SAC will "clarify the tender issue" and seek to add "causes of action for estoppel and unjust enrichment that clearly do not require pleading or proof of tender of the past due mortgage

---

[4] The Court notes that Defendants attempted to avoid the prejudice from delay by filing a motion to dismiss under Rule 41(b) on November 23, 2010 after meet and confer efforts with Plaintiff's counsel regarding the February 5, 2010 Order did not result in tender or the presentation of authority for the position that Plaintiff is entitled to proceed with this action. Dkt. 43. On May 26, 2011, Defendants filed the instant renewed motion to dismiss under Rule 41(b) after Plaintiff obtained new counsel on March 4, 2011 and meet and confer efforts regarding the February 5, 2010 Order, again, did not result in tender or presentation of authority for the position that Plaintiff is entitled to proceed with this action. Dkt. 49.

1   claimed." Id.  In support of this assertion, Plaintiff cites Secrest, 167 Cal.App.4th 544 and
2   Munoz, 156 Cal.App.3d 965.  Id.
3       Plaintiff further asserts that the SAC will make clear that Plaintiff's prior counsel
4   made unauthorized misstatements of Plaintiff's intentions regarding tender, which led to the
5   Court's February 5, 2010 Order.  Pl's Opp. at 7.  According to Plaintiff, he "agreed to make
6   *two missed payments* – in reliance on Countrywide's express agreement made over the
7   telephone with [him] to accept two payments and to forebear on foreclosure and reinstate
8   the mortgage, as a result, which it promised to reduce to writing."  Id. at 8 (emphasis in
9   original).  Plaintiff maintains that Countrywide's oral representation over the telephone is
10  not barred by the statute of frauds, citing California Civil Code § 1624(b)(1) and Munoz,
11  156 Cal.App.3d 965.  Id.
12      The Court construes Plaintiff's statements as a request for permission to file a
13  motion for leave to amend the FAC.  The Court GRANTS Plaintiff's request.  Plaintiff,
14  however, must file the motion in a manner consistent with this Order.
15      First, because neither Secrest nor Munoz address the tender rule, Plaintiff has not
16  offered any authority demonstrating that the tender rule is inapplicable to this case.  As
17  many district courts in California have recognized, Aguilera v. Hilltop Lending Corp., 2010
18  WL 3340566, at *3 (N.D. Cal. 2010) (citing cases), a prerequisite to any challenge to set
19  aside a foreclosure sale in California requires plaintiff to tender the indebtedness.  It is
20  settled in California that an action to set aside a trustee's sale for irregularities in the sale
21  notice or procedure should be accompanied by an offer to pay the full amount of the debt
22  for which the property was security."  Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d
23  575, 578 (1984); Karlsen v. Am. Sav. & Loan Assn., 15 Cal.App.3d 112, 117(1971).  In the
24  case of a voidable trustee's sale, the defaulting borrower has a right to redeem the property.
25  Karlsen, 15 Cal.App.3d at 121.  When the borrower "fails to effectively exercise [the] right
26  to redeem, the sale becomes valid and proper in every respect."  Id.  A cause of action
27  "implicitly integrated" with the irregular sale also fails, unless the defaulting borrower can
28  allege and establish a valid tender.  Id.  The rationale behind the rule is that if plaintiffs

could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021 (1989).  Here, because Plaintiff has made it clear that he will not tender the full amount of the debt for which the property is security, his claims seeking to set aside and cancel the foreclosure sale are subject to dismissal.  Accordingly, Plaintiff's first and second causes of action are DISMISSED without leave to amend.

Second, because Plaintiff's failure to tender is fatal to his third cause of action for quiet title, this claim is DISMISSED without leave to amend.  The purpose of a quiet title action is to establish title against adverse claims to real property or any other interest therein.  "[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."  Miller v. Provost, 26 Cal.App.4th 1703, 1707 (1994).  "The cloud upon [one's] title persists until the debt is paid."  Aguilar v. Bocci, 39 Cal.App.3d 475, 477 (1974).

Third, because tender is not a prerequisite to a promissory estoppel cause of action,[5] and because it is not clear at this time that amendment would be futile, Plaintiff's request for leave to amend his FAC to allege a cause of action for promissory estoppel is GRANTED.  However, to the extent Plaintiff contends that he can amend his pleading to state a cognizable cause of action for unjust enrichment, the Court disagrees.  Unjust enrichment is "not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal doctrines and remedies.  It is synonymous with restitution."  McBride v. Boughton, 123 Cal.App.4th 379, 387 (2004).  Accordingly, Plaintiff may amend his FAC to add a cause of action for promissory estoppel, but shall not amend his FAC to add a cause of action for unjust enrichment.

---

[5] The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  Laks v. Coast Federal Savings & Loan Assn., 60 Cal.App.3d 885, 890 (1976).
- 10 -

Finally, as for the remaining causes of action in the FAC (i.e., accounting, breach of contract, and violation of RESPA), the Court notes that Plaintiff has not argued or offered any authority indicating that he is entitled to proceed with any of these claims. Nonetheless, Plaintiff may allege these claims in the proposed SAC if he can truthfully allege facts that would support a cognizable claim for accounting, breach of contract, or a violation of RESPA.[6]  The Court cautions Plaintiff that he should only request leave to allege these claims in the SAC if he can do so in good faith and consistent with the requirements of Rule 11.

## III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  Defendants' motion to dismiss is DENIED.

2.  The first, second, and third causes of action are DISMISSED without leave to amend.

3.  Plaintiff may file a motion for leave to file a SAC no later than fourteen (14) days after the date of this Order in a manner consistent with this Order.  Plaintiff is advised that any additional factual allegations set forth in the SAC must be made in good faith and consistent with his obligations under Rule 11.

4.  In the event Plaintiff does not file a timely motion for leave to file a SAC, Defendant shall file an answer to the FAC in accordance with the Federal Rules of Civil Procedure.

5.  This Order terminates docket 49.

IT IS SO ORDERED.

Dated:  2/15/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[6] The Court notes that its February 5, 2010 Order did not specifically address whether the FAC states a cognizable claim for accounting, breach of contract, or violation of RESPA.  Dkt. 29.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28