UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS M. DEAL,<br><br>             Plaintiff,<br><br>     vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>             Defendants. | Case No:  C 09-01643 SBA<br><br>**ORDER**<br><br>Docket 68, 75 |

On August 8, 2008, Plaintiff Thomas M. Deal ("Plaintiff") brought this action against various Defendants[1] in Alameda County Superior Court alleging violations of state and federal law in connection with a foreclosure proceeding on his residence.  Dkt. 1.  On February 15, 2012, this Court issued an Order dismissing Plaintiff's first, second, and third causes of action without leave to amend.  Dkt. 67.  The Order also granted Plaintiff permission to "file a motion for leave to amend the operative pleading in a manner consistent with this Order and his obligations under Rule 11 of the Federal Rules of Civil Procedure."  Id.  On February 29, 2012, Plaintiff filed a motion for leave to file a second amended complaint ("SAC"), but did not notice the motion for a hearing.  Dkt. 68.  On March 14, 2012, Defendants filed an opposition, arguing, among other things, that Plaintiff's motion fails to comply with this Court's February 15, 2012 Order.  Dkt. 72.[2]

---

[1] The Defendants are Countrywide Home Loan, Inc., Bank of New York as trustee on behalf of Sami II 2006-AAR3; Mortgage Electronic Registration System, Inc. (MERS), Recontrust Company, Landsafe Title Corporation, America's Wholesale Lender, and CTC Real Estate Services (collectively, "Defendants").

[2] On June 13, 2012, Plaintiff filed a motion for leave to file a SAC, but, again, did not notice the motion for a hearing.  Dkt. 75.

1   Having reviewed the proposed SAC submitted in connection with Plaintiff's motion
2 for leave to file a SAC, the Court hereby STRIKES Plaintiff's motion for leave to file a
3 SAC without prejudice.  The proposed SAC violates this Court's February 15, 2012 Order.
4 In that Order, the Court granted Plaintiff permission to seek leave to add a cause of action
5 for promissory estoppel.  Id.  Plaintiff was not given permission to seek leave to add any
6 other cause of action.  Id.  With respect to the three causes of action that were not dismissed
7 in the Court's Order (i.e., Plaintiff's claims for accounting, breach of contract, and violation
8 of RESPA[3]), the Court stated that Plaintiff may allege these claims in the proposed SAC if
9 he can truthfully allege facts that would support a cognizable claim for accounting, breach
10 of contract, or a violation of RESPA.  Id.  The Court cautioned Plaintiff that he should only
11 request leave to allege these claims in the proposed SAC if he can do so in good faith and
12 consistent with the requirements of Rule 11.  Id.

13   The Court finds that Plaintiff's motion for leave to file a SAC violates the Court's
14 February 15, 2012 Order because it seeks leave to add causes of action for detrimental
15 reliance, misrepresentation, fraud, and declaratory relief.  Dkt. 70-1.  Id.  Based on the
16 Court's inherent authority to strike improper material from the record, the Court hereby
17 strikes Plaintiff's motion for leave to file a SAC without prejudice.  See Jones v.
18 Metropolitan Life Ins. Co., 2010 WL 4055928, at * 6 (N.D. Cal. 2010) (a court may strike
19 material from the record that fails to comply with a court order).

20   Accordingly,
21    IT IS HEREBY ORDERED THAT:
22   1. Plaintiff's motion for leave to file a SAC is STRICKEN without prejudice.
23 Plaintiff may file an amended motion for leave to file a SAC by no later than seven (7) days
24 from the date this Order is entered in a manner consistent with the Court's February 15,
25 2012 Order.  In the event that Plaintiff does not timely file such a motion, Defendants shall

---

[3] Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.

1 | file an answer to the FAC within twenty-one (21) days from the deadline for Plaintiff to file
2 | an amended motion for leave to file a SAC.

      2.     This Order terminates Docket 68 and Docket 75.

IT IS SO ORDERED.

Dated: September 28, 2012

                                            _____
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge