UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

THOMAS M. DEAL,

Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC., et al.,

Defendants.

Case No: C 09-01643 SBA

**ORDER DENYING MOTION TO WITHDRAW**

Docket 59

The parties are presently before the Court on the Law Offices of Adam S. Gruen's ("Gruen") motion to withdraw as counsel of record for Plaintiff Thomas Deal ("Plaintiff"). Dkt. 59. Plaintiff opposes the motion. Dkt. 63. No Defendant has filed a response to the motion. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion WITHOUT PREJUDICE, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. DISCUSSION

### A. Legal Standard

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992) (an attorney representing a client may not withdraw except by leave of court). In addition, the Local Rules provide that "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous

appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3–700(C)(1)(f) provides that an attorney may request permission to withdraw if the client breaches an agreement or obligation as to expenses or fees. California Rule of Professional Conduct 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively." However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) (regarding papers), and complying with applicable laws and rules. See El Hage v. U.S. Sec. Assocs., Inc., 2007 WL 4328809, at *1 (N.D. Cal. 2007). The decision to permit counsel to withdraw is within the sound discretion of the trial court. See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case. CE Resource, Inc. v. Magellan Group, LLC, 2009 WL 3367489, at *2 (E.D. Cal. 2009).

///

**B. Motion to Withdraw**

Gruen moves to withdraw as counsel of record for Plaintiff on the ground that Plaintiff has made it unreasonably difficult for him to carry out the employment effectively because Plaintiff has repeatedly expressed disappointment with him, has accused him of legal malpractice, has filed a complaint against him with the State Bar, and has refused to communicate with him on questions relating to strategy and actions to take in the case. Mtn. to Withdraw at 3; see also Gruen Decl. ¶¶ 3, 4, Dkt. 61. Gruen also moves to withdraw on the ground that Plaintiff refuses to pay for legal services. Mtn. to Withdraw at 3; Gruen Decl. ¶ 4. According to Gruen, withdrawal will not prejudice Plaintiff because "Plaintiff's file was returned to him, at his demand, in June of 2011." Mtn. to Withdraw at 3. In his declaration filed in support of the motion to withdraw, Gruen avers that he has advised Plaintiff in writing on several occasions that he would seek to withdraw and provided Plaintiff copies of the motion papers via certified mail. Gruen Decl. ¶¶ 7-8.

In response to Gruen's motion, Plaintiff filed a declaration wherein he attests that the reasons given by his counsel in the motion to withdraw "are substantially false and do[] not warrant such drastic action," and that "Gruen can still fulfill his responsibilities and provide [him] with effective representation." Deal Decl. ¶¶ 1, 5. In his declaration, Plaintiff expresses concern that Gruen will not file an opposition to the motion to dismiss scheduled for November 1, 2011, and that the Court will grant the motion as unopposed. Id. ¶ 9. Plaintiff requests that the Court continue the motion to dismiss until he has "either gotten co-operation from [his] present attorney . . . or after a full refund of the unearned monies, and ha[s] obtained other counsel. Id. ¶ 10.

Since the filing of the motion to withdraw, Gruen has filed an opposition to the motion to dismiss on behalf of Plaintiff, which was denied on February 15, 2012. Dkt. 64, 67. Gruen has also filed a motion for leave to file a second amended complaint. Dkt. 68. Notably, however, the Court has not received any filings indicating whether Gruen and Plaintiff have been able to resolve their differences. As such, although Gruen has shown good cause to withdraw, it is unclear at this juncture whether the reasons Gruen seeks to

withdraw have been resolved. Given this uncertainty, and the fact that withdrawal will further delay this action resulting in harm to the administration of justice and prejudice to the parties, the Court finds that withdrawal is not warranted at this time. See In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (Not only is orderly and swift resolution of disputes important to the rule of law, but delay in reaching the merits "is costly in money, memory, manageability, and confidence in the process."). Accordingly, Gruen's motion to withdraw as counsel of record for Plaintiff is DENIED WITHOUT PREJUDICE.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Gruen's motion to withdraw as counsel of record for Plaintiff is DENIED WITHOUT PREJUDICE to the filing of a renewed motion to withdraw.

2. This Order terminates Docket 59.

IT IS SO ORDERED.

Dated: September 28, 2012

SAUNDRA BROWN ARMSTRONG
United States District Judge