UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS M. DEAL,<br><br>      Plaintiff,<br><br>   vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>      Defendants. | Case No: C 09-01643 SBA<br><br>**ORDER**<br><br>Docket 79 |

   Plaintiff Thomas M. Deal ("Plaintiff") brings the instant action against various Defendants[1] alleging claims under state and federal law in connection with a foreclosure proceeding on his residence.  The parties are presently before the Court on Plaintiff's motion for leave to file a second amended complaint ("SAC").  Dkt. 79.  Defendants oppose the motion.  Dkt. 80.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.   DISCUSSION**

   **A.   Legal Standard**

   Rule 15(a) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  District courts have the discretion to grant or deny leave to amend a complaint and liberally apply a

---

[1] The Defendants are Countrywide Home Loan, Inc., Bank of New York as trustee on behalf of Sami II 2006-AAR3, Mortgage Electronic Registration System, Inc., ReconTrust Company, Landsafe Title Corporation, America's Wholesale Lender, and CTC Real Estate Services (collectively, "Defendants").

1  policy favoring amendments.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Ascon Props.,
2  Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).  However, district courts need
3  not grant leave where the amendment involves undue delay, bad faith, repeated failure to
4  cure by amendments previously allowed, undue prejudice to the opposing party, or futility
5  of the amendment.  <u>Foman</u>, 371 U.S. at 182; <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir.
6  1999); <u>Ascon</u>, 866 F.2d at 1160 (citing <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186
7  (9th Cir. 1987)).

      **B.**      **Judicial Notice**

"The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201(b).  In actions arising from mortgage disputes, courts may take judicial notice of the deed of trust and other documents pertaining to the loan.  <u>Kelley v. Mortgage Electronic Registration Systems, Inc.</u>, 642 F .Supp.2d 1048, 1052-1053 (N.D. Cal. 2009); <u>Hutson v. American Home Mortgage Servicing, Inc.</u>, 2009 WL 3353312, *4 (N.D. Cal. 2009).

Here, Defendants request the Court take judicial notice of documents recorded in the Official Records of Alameda County concerning the subject property, including a Deed of Trust, a Notice of Default and Election to Sell Under Deed of Trust, a Substitution of Trustee, a Notice of Trustee's Sale, and a Trustee's Deed Upon Sale.  <u>See</u> Defs.' Request for Judicial Notice ("RJN"), Exhs. A-E, Dkt. 81.  Plaintiff objects to the Court taking judicial notice of these documents on the ground that they contain hearsay statements which cannot be considered for determining the truth of the matters asserted.  Dkt. 83.  However, because Plaintiff does not challenge the authenticity of these documents, the Court may take judicial notice of them.  <u>See</u> <u>Dancy v. Aurora Loan Services, LLC</u>, 2011 WL 835787, at *4 (N.D. Cal. 2011) (Armstrong, J.) (rejecting hearsay objection to request for judicial notice of a deed of trust and other documents pertaining to the loan where Plaintiff did not challenge

the authenticity of the documents).  Accordingly, the Court overrules Plaintiff's objection and GRANTS Defendants' RJN.

### C. Motion for Leave to Amend

#### 1. Federal Claim

Plaintiff requests leave to file a SAC that alleges a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.  Dkt. 79-2.  Defendants contend that leave to amend should be denied because the proposed SAC fails to state a cognizable claim under RESPA.  Defs.' Opp. at 9.  Specifically, Defendants argue that amendment is futile because Countrywide Home Loan, Inc. ("Countrywide") was the originating lender and loan servicer and did not transfer the servicing of Plaintiff's loan.  Id. at 10.  Plaintiff presents no opposition to the merits of Defendants' argument.  Instead, Plaintiff erroneously asserts that the Court has previously determined that Plaintiff has stated a cognizable claim under RESPA.  Pl.'s Reply at 2.[2]

It is well-established that the Court may deny leave to amend if amendment would be futile.  Deveraturda v. Globe Aviation Security Services, 454 F.3d 1043, 1046 (9th Cir. 2006); Saul v. U.S., 928 F.2d 829, 843 (9th Cir. 1991).  Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[2] In a previous Order, the Court granted Plaintiff permission to seek leave to allege a claim under RESPA in the proposed SAC only "if he can truthfully allege facts that would support a cognizable claim for . . . a violation of RESPA."  See Dkt. 76.  Contrary to Plaintiff's contention, the Court did not previously determine that the first amended complaint ("FAC") states a RESPA claim that "withstood Defendants' motion to dismiss."  In fact, the Court has expressly noted that it has not "specifically address[ed] whether the FAC states a cognizable claim . . . [under] RESPA."  Dkt. 67.

on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In support of his RESPA claim, Plaintiff alleges that RESPA "requires statutorily prescribed notice to trustors and/or debtors under a federally related deed of trust, which the Deed of Trust here is."  Dkt. 79-2 at ¶ 33.  Plaintiff further alleges that "Defendants breached their statutory notice obligations to Plaintiff . . . in violation of RESPA, including the provisions of 12 U.S.C. section 2605(b)."  Id. ¶ 34.  According to Plaintiff, the "Notice of Sale, Trustee's Sale, the Trustee's Deed are all void and of no force and effect as a result of Defendants' failure to comply with the terms of RESPA."  Id. ¶ 35.

Congress enacted RESPA to shield home buyers "from unnecessarily high settlement charges by certain abusive practices."  12 U.S.C. § 2601(a).  The purpose of RESPA is to effect certain changes in the settlement process that will result in, inter alia, "more effective advance disclosure to home buyers and sellers of settlement costs"; "the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services"; and "a reduction in the amounts home buyers are required to place in escrow accounts established to insure the payment of real estate taxes and insurance."  12 U.S.C. § 2601(b).  RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f).  Patague v. Wells Fargo Bank, N.A., 2010 WL 4695480, at *3 (N.D. Cal. 2010) (Armstrong, J.).

Under RESPA, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1).  In general, such notice must be given "to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan."  12 U.S.C. § 2605(b)(2)(A).  The statute defines the term "servicer" as "the

person responsible for servicing a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

RESPA provides that anyone who violates § 2605 shall be liable to the borrower for damages. See 12 U.S.C. § 2605(f). In order to survive a motion to dismiss a claim based on a violation of § 2605, the plaintiff must allege an actual pecuniary loss attributable to the RESPA violation. See Allen v. United Financial Mortgage Corp., 660 F.Supp.2d 1089, 1096 (N.D. Cal. 2009) (requiring plaintiff to allege pecuniary loss to state a RESPA claim for actual damages); Tamburri v. Suntrust Mortg., Inc., 875 F.Supp.2d 1009, 1013 (N.D. Cal. 2012) (RESPA does not provide for injunctive relief; actual damages and, in the case of a pattern or practice, statutory damages, are the only remedies available when a servicer violates the statute). A plaintiff is only entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity. See Lal v. Am. Home Servicing, Inc., 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); Torres v. Wells Fargo Home Mortg., Inc., 2011 WL 11506, at *8 (N.D. Cal. 2011) ("The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.").

The Court finds that the proposed SAC does not state a cognizable claim under RESPA against any Defendant. Plaintiff's allegations, which are entirely vague and conclusory, are not actionable. The only provision of RESPA that Plaintiff alleges the "Defendants" violated is § 2605(b). However, the proposed SAC does not allege facts plausibly suggesting that any Defendant violated this provision. Plaintiff does not allege that any of the Defendants was a loan servicer or that the loan servicing duties were transferred without the requisite notice. Further, the proposed SAC is devoid of any facts related to the alleged transfer of the servicing of Plaintiff's loan, including when any alleged

transfer took place, what entities were involved in such transfer, and the pecuniary loss Plaintiff suffered as a result of the alleged transfer.  In the absence of actual pecuniary loss, Plaintiff cannot state an actionable claim for a violation of § 2605(b) against any Defendant.  Although unclear, it appears that Plaintiff alleges that "Defendants" violated RESPA by failing to provide notice of the substitution of the trustee "as required by . . . federal law."  See Proposed SAC ¶¶ 17, 33-35.  However, Plaintiff does not cite to any authority that requires a loan servicer to provide notice of the substitution of the trustee.  Accordingly, because the proposed SAC fails to plead a cognizable RESPA claim, Plaintiff's motion for leave to file a SAC is DENIED to the extent Plaintiff seeks leave to allege a RESPA claim.

The proposed SAC alleges that "[subject matter] jurisdiction is premised on a federal question under [RESPA]."  See Proposed SAC ¶ 20.  Therefore, before addressing whether to grant Plaintiff leave to file a SAC that alleges state law claims for breach of contract, promissory estoppel, and accounting, the Court must first determine whether the operative complaint alleges an actionable RESPA claim, i.e., whether the Court has subject matter jurisdiction over this action.  See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[3]

Having reviewed the allegations in the operative complaint (i.e., the FAC), the Court finds that the FAC does not allege sufficient facts to state a cognizable RESPA claim.  The FAC generally alleges that "Defendants" breached their obligations under RESPA to

---

[3] Defendants previously filed a motion to dismiss the FAC in which they argued that Plaintiff failed to state a RESPA claim. Dkt. 10.  However, because Plaintiff alleged in the FAC that he was "ready, willing and able" to tender the amount owed under the loan, Dkt. 29, the Court did not reach the issue of whether the FAC stated a cognizable RESPA claim. Instead, the Court ordered the parties to meet and confer to arrange for the tender. Id. Following the appearance of new counsel, Plaintiff informed Defendants that he did not intend to tender any amounts owed, and that he "wishes to further amend his complaint to correct the error regarding tender and possibly to include additional claims." See Dkt. 67. Thereafter, the Court issued an order dismissing Plaintiff's first (To Set Aside Trustee's Sale), second (To Cancel Trustee's Sale, Deed), and third (Quiet Title) claims for relief. Id. The Court also granted Plaintiff permission to file a motion seeking leave to file a SAC to add a claim for promissory estoppel as well as to allege the remaining claims alleged in the FAC (i.e., accounting, breach of contract, and a violation of RESPA) "if he can do so in good faith and consistent with the requirements of Rule 11." Id.

provide a proper and timely notice of the assignment of the services of the loan as required by § 2605(b).  FAC ¶ 50.  It also alleges that "Plaintiff is entitled to statutory and general damages for said failure of defendants [t]o comply with their obligations under RESPA."  Id. ¶ 51.  Further, the FAC alleges that "the defendants responsible for servicing [his] loan insisted that [he] provide funds in escrow which exceed those permitted by 24 CFR §3500.17(8) et al and related provisions in state law" in violation of RESPA.  Id.

Like the proposed SAC, the FAC does not state a cognizable RESPA claim.  The FAC does not allege any facts related to the alleged transfer of the servicing of Plaintiff's loan, including when any alleged transfer took place, what entities were involved in such transfer, and the actual pecuniary loss Plaintiff suffered as a result of the alleged transfer.  Indeed, while Plaintiff asserts that the "Defendants" breached their obligations under § 2605(b), he expressly alleges that Countrywide was "at all times relevant to this complaint . . . the loan servicer."  FAC ¶ 5.  This allegation is fatal to Plaintiff's RESPA claim because the notice obligations under § 2605(b) are only triggered if the servicing of a loan is assigned, sold, or transferred.  See 12 U.S.C. § 2605(a).  Finally, to the extent Plaintiff's RESPA claim is predicated on a violation of 24 C.F.R. § 3500.17, it fails as a matter of law.  See Hilton v. Washington Mut. Bank, 2010 WL 727247, at *4 (N.D. Cal. 2010) (no private right of action under 24 C.F.R. § 3500.17).

### 2. Remaining State Law Claims

Federal court jurisdiction is limited to claims raising federal questions or involving parties with diverse citizenship.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  In this case, subject matter jurisdiction is predicated on Plaintiff's RESPA claim.  See Proposed SAC.[4]  The Court's jurisdiction over the remaining state law claims is based on supplemental jurisdiction.  28 U.S.C. § 1367(a).

---

[4] The Court notes that while the FAC does not allege a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1682 et seq., it alleges that "defendants" violated the provisions of the FDCPA by requiring him to deposit more funds in escrow than he actually owed in violation of "15 U.S.C. § 1692(e)(2)(A)."  FAC ¶ 51.  The proposed SAC does not seek to allege a claim under the FDCPA.  Thus, it appears that Plaintiff has abandoned his contention that "Defendants" violated the FDCPA.

While Plaintiff seeks leave to file a SAC that alleges state law claims for breach of contract, promissory estoppel, and accounting, the Court will not reach the issue of whether leave to amend to allege these claims is warranted.  At this juncture, it is unclear whether Plaintiff can amend the FAC to state a cognizable federal claim.  The Court has found that neither the proposed SAC nor the FAC states an actionable federal claim.  Accordingly, Plaintiff's motion for leave to file a SAC is DENIED to the extent Plaintiff seeks leave to allege state law claims.  However, the Court will afford Plaintiff the opportunity to file a renewed motion for leave to file a SAC.  The Court advises Plaintiff that if he fails to timely file a renewed motion within the time period specified below or the amended proposed SAC does not rectify the deficiencies discussed above, the Court will dismiss his federal claim with prejudice and decline to exercise supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c)(3); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to file a SAC is DENIED.

2. Plaintiff shall have fourteen (14) days from the date this Order is filed to file a renewed motion for leave to file a SAC.  The proposed SAC may include a federal claim under § 2605 of RESPA and as well as state law claims for promissory estoppel, accounting, and breach of contract so long as Plaintiff can allege such claims in good faith and consistent with the requirements of Rule 11.

3. This Order terminates Docket 79.

IT IS SO ORDERED.

Dated:  6/20/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge