UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS M. DEAL,<br><br>    Plaintiff,<br><br>  vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>    Defendants. | Case No: C 09-01643 SBA<br><br>**DISMISSAL ORDER** |

    Plaintiff Thomas M. Deal ("Plaintiff") brings the instant action against various Defendants alleging claims under state and federal law in connection with a foreclosure proceeding on his residence.[1] The Court's subject matter jurisdiction is predicated on Plaintiff's claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. The Court's jurisdiction over Plaintiff's state law claims is based on supplemental jurisdiction. 28 U.S.C. § 1367(a).

    On June 20, 2013, the Court issued an Order denying Plaintiff's motion for leave to file a second amended complaint ("SAC") without prejudice to the filing of a renewed motion that corrected the deficiencies identified by the Court. Dkt. 87. In that Order, the Court found that neither the proposed SAC nor the first amended complaint ("FAC") states an actionable federal claim. Id. The Order states that the Plaintiff may submit a proposed SAC in connection with the renewed motion that includes a federal claim under § 2605 of RESPA and as well as state law claims for promissory estoppel, accounting, and breach of

---

[1] Plaintiff commenced the instant action in the Superior Court of California, County of Alameda. See Compl., Dkt. 1. On April 15, 2009, the action was removed to this Court on the basis of federal question jurisdiction. See Notice of Removal, Dkt. 1.

contract so long as Plaintiff can allege such claims in good faith and consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure. Id. The Court specifically warned Plaintiff that if he failed to file a renewed motion within fourteen (14) days from June 20, 2013 his RESPA claim will be dismissed with prejudice and the Court will decline to exercise supplemental jurisdiction over his remaining state law claims. Id.

To date, Plaintiff has not filed a renewed motion for leave to file a SAC. Instead, Plaintiff filed a document pro se titled "Declaration re: Order, Docket 79 (June 20, 2013) and Motion for Reconsideration and Request for Stay." Dkt. 88. Plaintiff's declaration requests the opportunity "to address the Court directly [as co-counsel] without letting Gruen . . . substitute out, leaving him without any representation at all, in order that the facts be presented once and for all in a Third Amended Complaint. . . ." See id. at 4, 8. However, Plaintiff is not proceeding pro se. Rather, he is represented by counsel, Adam Gruen ("Gruen").[2]

A court need not consider pro se motions filed by a party who is represented by counsel. See Le v. Almager, 2013 WL 415632, at *1 (N.D. Cal. 2013) (Armstrong, J.) (citing cases). Moreover, even if the Court were to consider Plaintiff's pro se filing, the document is not accompanied by a proposed SAC that states an actionable RESPA claim under § 2605. See Dkt. 88. Nor has Plaintiff otherwise demonstrated that he can amend his FAC to state an actionable RESPA claim. See id. In his declaration, Plaintiff avers that Gruen sent him a series of e-mails following the Court's June 20, 2013 Order. Id. at 5-6. In these e-mails, Gruen explains that he will not file a response to the Court's June 20, 2013 Order because he cannot in good faith and consistent with the Order and Rule 11 request leave to allege a RESPA claim given that Plaintiff has not provided him with any facts showing that the loan servicing duties were transferred by Countrywide Home Loan, Inc.

---

[2] The Court notes that Plaintiff previously opposed Gruen's motion to withdraw as counsel of record. See Dkt. 59. On September 28, 2012, the Court denied Gruen's motion to withdraw without prejudice based in part on Plaintiff's opposition to the motion. Dkt. 77.

("Countrywide").[3] Id.  In one of his e-mails, Gruen specifically states that he is not aware of any facts contradicting the allegation in the FAC stating that Countrywide was the loan servicer "at all times relevant" to the FAC.  Id. at 6; see FAC ¶ 5, Dkt. 1.  Plaintiff's declaration does not allege facts plausibly suggesting that Countrywide transferred the loan servicing duties during the relevant period in violation of RESPA.  Plaintiff does not aver that the loan servicing duties were transferred without the requisite notice.  Further, Plaintiff's declaration is devoid of any facts related to the alleged transfer of the servicing of his loan, including when any alleged transfer took place, what entities were involved in such transfer, and the pecuniary loss he suffered as a result of the alleged transfer.[4]

Accordingly, because Plaintiff has failed to timely file a renewed motion for leave to file a SAC demonstrating that he can state an actionable RESPA claim, Plaintiff's RESPA claim is DISMISSED with prejudice.  Having now dismissed the federal claim alleged against Defendants, the Court exercises its discretion and declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims.  28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); see Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (" '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.' ").  Therefore, the Court remands

---

[3] RESPA creates a private right of action for the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f).  Patague v. Wells Fargo Bank, N.A., 2010 WL 4695480, at *3 (N.D. Cal. 2010) (Armstrong, J.).  RESPA provides that anyone who violates § 2605 shall be liable to the borrower for damages.  See 12 U.S.C. § 2605(f).  In order to state a claim based on a violation of § 2605, the plaintiff must allege an actual pecuniary loss attributable to the RESPA violation.  See Allen v. United Financial Mortgage Corp., 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009).

[4] While the title of Plaintiff's pro se filing indicates that he seeks "reconsideration" of the Court's June 20, 2013 Order and a stay of the instant action, Plaintiff does not specifically request such relief, let alone demonstrate that it is appropriate under the applicable legal standards.

this action to the state court from which it was removed. See <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court. . . .").

    For the reasons stated above, IT IS HEREBY ORDERED THAT:

    1.    Plaintiff's RESPA claim is DISMISSED with prejudice.

    2.    The Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims, which are remanded to the Superior Court of California, County of Alameda.

    3.    The Clerk shall close the file and terminate all pending matters.

    IT IS SO ORDERED.

Dated:    7/16/13

                                                  SAUNDRA BROWN ARMSTRONG  
                                                  United States District Judge